# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Andrew Plummer, | ) | C/A No. 2:15-cv-00016-TLW-MGB |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | REPORT & RECOMMENDATION |
| Warden Tim Riley, IGC Ms. Powe, | ) | |
| DHO Glidewell, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

The Plaintiff, a state prisoner proceeding *pro se*, filed the instant action on January 5, 2015, pursuant to 42 U.S.C. § 1983. (Dkt. No. 1) This matter is before the court upon the Plaintiff's Motion for Preliminary Injunction. (Dkt. No. 29.) The Defendants filed a response in opposition to the Plaintiff's motion on July 24, 2015. (Dkt. No. 32.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The Plaintiff seeks for the District Court to issue a preliminary injunction ordering the Defendants to "expunge case 47 charge 832 (unauthorized inmate organization activity or participation in a security threat group (SIG)[ ) ] from Plaintiff['s] prison disciplinary record as Plaintiff will be prejudiced within institution and future parole hearings." (Dkt. No. 29 at 2.) A preliminary injunction "protect[s] the status quo . . . to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litigation*, 333 F.3d 517, 525 (4th Cir. 2003)

1

(abrogated on other grounds by *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006)).  A preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain a TRO or preliminary injunction, a plaintiff must show the following:

> (1) That he is likely to succeed on the merits,
>
> (2) that he is likely to suffer irreparable harm in the absence of preliminary relief,
>
> (3) that the balance of equities tips in his favor, and
>
> (4) that an injunction is in the public interest.

Id. at 20.

The undersigned recommends denying the Plaintiff's Motion for Preliminary Injunction. (Dkt. No. 29.)  In the case at bar, the Plaintiff has not met the *Winter* factors.  His filing does not address the merits of his case or the likelihood of his success at all.  (*Id*.)  No evidence is cited or arguments made showing he is likely to succeed on the merits.  The Plaintiff argues that he will suffer irreparable harm if his injunction is not granted because he will be denied "better classification" within the department of corrections and will be denied "favorable determinations by the parole board at future hearings." (*Id.* at 1.) Neither of these harms is irreparable and may be addressed with the merits of the Plaintiff's claims. The Plaintiff does not make any argument or provide any evidence showing how the balance of the equities weighs in his favor.  Finally, the Plaintiff does not address any public interest that would demand an injunction.  Because the Plaintiff does not address three of the four *Winter* factors and has failed to show he will suffer irreparable harm, this court recommends that Plaintiff's Motion for Preliminary Injunction (Dkt. No. 29) be denied.

Wherefore, it is RECOMMENDED that Motion for Preliminary Injunction (Dkt. No. 29) be DENIED.

IT IS SO RECOMMENDED.

February 3, 2016

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).