# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Andrew Plummer, | ) | C/A No. 2:15-cv-00016-TLW-MGB |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | REPORT & RECOMMENDATION |
| Warden Tim Riley, IGC Ms. Powe, | ) | |
| DHO Glidewell, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

The Plaintiff, a state prisoner proceeding *pro se*, filed the instant action on January 5, 2015, pursuant to 42 U.S.C. § 1983. (Dkt. No. 1) On June 9, 2015, the Plaintiff moved to amend the Complaint. (Dkt. No. 20.) This court granted the Plaintiff's motion, and the Amended Complaint was filed on February 4, 2016. (Dkt. No. 62.) The parties filed cross motions for summary judgment, and this court issued a Report & Recommendation on January 17, 2017. (Dkt. No. 92.) This court recommended that Defendants' Motion For Summary Judgment (Dkt. No. 76) be granted and the Plaintiff's Motion for Summary Judgment (Dkt. No. 77) be denied. On March 10, 2017, the district court issued an Order accepting in part the Report & Recommendation and recommitted the Motions for Summary Judgment to this court "only as to [the] question…regarding the loss of 60 days good time credit." (Dkt. No. 98.) At this court's direction, both parties have filed supplemental briefs (Dkt. Nos. 107 & 109) on the issue of the 60 days good time credit, and the recommitted Motions for Summary Judgment are now ripe for consideration.

**Factual Background**

At all times relevant to the Amended Complaint, the Plaintiff was incarcerated at Tyger River Correction Institution ("Tyger River"). On January 23, 2013, the Plaintiff was charged with Offense 832: Unauthorized Inmate Organization Activity or Participation in a Security Threat Group or STG Activity ("the Charge"). (Dkt. No. 76-2 at 2.) On February 11, 2013, the Plaintiff was convicted of the charge at a disciplinary hearing and sanctioned with 360 days of disciplinary detention, 540 days of loss canteen, 540 days loss of visitation, and 60 days loss of good time credit. (*Id.* at 5.) The Plaintiff appealed his conviction through the grievance process up to the Administrative Law Court ("ALC"). (*Id.*) Once pending before the ALC, officials at the South Carolina Department of Corrections ("SCDC") decided on December 6, 2013, to overturn the Plaintiff's conviction and grant the Plaintiff a rehearing. (*Id.* at 19-20.) The Step 2 Grievance Routing Slip signed on December 6, 2013, stated that the "[s]anctions [were] to be modified after the rehearing [was] completed." (*Id.* at 19.) Other SCDC records are consistent with this statement. On December 18, 2013, the SCDC Offender Management System indicated that the Plaintiff's net good time credit lost as a result of this charge was 60 days; the charge was not listed as a conviction but as rescheduled. (*Id.* at 30.) On December 20, 2013, the ALC remanded the Plaintiff's case for a rehearing. (Dkt. No. 77-2.)

On December 20, 2013, the Plaintiff's second disciplinary hearing was held. (Dkt. No. 62.) The disciplinary hearing officer was Defendant Glidewell. (Dkt. No. 62.) The Plaintiff alleges that Defendant Glidewell repeatedly cut off the recording of the hearing and later erased a portion of the recording of the hearing. (Dkt. No. 1.) The Plaintiff was found guilty at the second disciplinary hearing and was sanctioned with 360 days of disciplinary detention, 180 days

loss of canteen, 180 days loss of visitation, 180 days loss of telephone, and 60 days loss of good time credit. (Dkt. No. 76-2 at 10.)

The Plaintiff appealed his second conviction on December 20, 2013, the same day as the hearing. (Dkt. No. 62) The Plaintiff filed his grievance with Defendant Powe, who in turn forwarded the grievance on to Defendant Warden Tim Riley. (*Id.*) The Plaintiff alleges that Defendants Powe and Riley violated his due process rights by failing to "fully investigate" the recording of his second disciplinary hearing. (*Id.* at 2.) On September 9, 2014, the Plaintiff received a response to his Step 2 grievance reversing his conviction and lifting all sanctions imposed. (Dkt. Nos. 1 & 77-2 at 11.) The conviction was reversed because the recording of the hearing was not complete. (Dkt. No. 85-1 at 4.) The Step 2 Grievance Routing Slip, which reversed the second conviction and was dated September 2, 2014, stated that "60 days LoGT to be reinstated." (Dkt. No. 76-2 at 7.) Consistent with these instructions, on April 14, 2017, the SCDC Offender Management System indicated that the Plaintiff's net good time credit lost as a result of this charge was zero days, and the charge was not listed as a conviction but as dismissed. (Dkt. No. 107-1 at 4-5.)

## **Standard of Review**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for

summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). Conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. The Fourth Circuit has held that *pro se* pleadings "must" be held to "less stringent standards than pleadings drafted by attorneys and must [be] read ... liberally." *White v. White*, 886 F.2d 721, 722-23 (4th Cir.1989).

## Analysis

The Plaintiff claims under 42 U.S.C. § 1983 that his Fourteenth Amendment right to due process of law was violated by the Defendants in their individual capacities. (Dkt. No. 62.) In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); *see also Gomez v. Toledo*, 446 U.S. 635, 540 (1983); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). In a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

The district court has recommitted the Defendants' Motion For Summary Judgment (Dkt. No. 76) and the Plaintiff's Motion for Summary Judgment (Dkt. No. 77) for a Report & Recommendation on the narrow issue of whether a genuine issue of material fact exists as to the Plaintiff's loss of 60 good time credit. (Dkt. No. 98.) "When a loss of already-earned statutory good-time credits is at issue, the Supreme Court has mandated procedural safeguards, including advance written notice of charges, written findings, and a general right to call witnesses."[1] *Gaskins v. Johnson*, 443 F. Supp. 2d 800, 805 (E.D. Va. 2006) (citing *Wolff v. McDonnell,* 418 U.S. 539, 563–67 (1974)). The Plaintiff alleges that his good time credits were never restored. (Dkt. Nos. 1 at 2; 109.) Defendant Riley stated in his first and second supplemental affidavits that no good time credits were restored because no good time credits were ever deducted. (Dkt. No. 85-1 at 4 & 107-1 at 2.) Regardless of whether the good time credits were taken and restored or never taken in the first place, no genuine issue of material fact exists as to whether the Plaintiff lost good time credit as a result his disciplinary charge; he did not.

The Plaintiff ultimately did not lose any good time credit as a result of the Charge. The most recent SCDC record of the Charge stated that the charge was "DISMISSED" and that the total good time lost was zero days. (Dkt. No. 107-1 at 6.) Likewise, as of April 14, 2017, the SCDC Offender Management System stated that the Charge was "DISMISSED" and the net lost good time was zero days. (*Id.* at 5.)

Defendant Riley stated in his first and second supplemental affidavits that no good time credits were restored because no good time credits were ever deducted. (Dkt. No. 85-1 at 4 &

---

[1] This court does not fully address the *Wolff* factors in this Report & Recommendation because the sole issue recommitted to the undersigned magistrate judge was whether a genuine issue of material fact exists as to the Plaintiff's loss of 60 good time credits. The *Wolff* factors and their applicability to the disciplinary hearings in this case are contained in this court's initial Report & Recommendation. (Dkt. No. 92.)

107-1 at 2.) Similarly, a note in the SCDC Offender Management System dated September 2, 2014 written by Stephanie Willis states, "Narrative…> States to reinstate 60 days good time, however, 60 days good time never taken." (Dkt. No. 107-1 at 8.) (ellipses in original). This appears to be inconsistent with the SCDC Offender Management System record dated December 18, 2013, which reflected a loss of 60 days good time credit resulting from the Charge. (Dkt. No. 76-2 at 30.) However, as noted *supra*, more recent SCDC records uniformly state that the Plaintiff lost zero good time credit due to the charge. Therefore, whether the good time credit was lost and then restored or never taken is immaterial because ultimately the Plaintiff did not lose any good time credit.[2]

In the Responsive Reply to Defendants [sic] Response to Order on Report and Recommendation (Dkt. No. 109), the Plaintiff makes a second argument concerning the loss of his good time credit. The Plaintiff argues that he is entitled to an additional 20 days of good time credit that he "failed to earn" because of the Charge. (Dkt. No. 109 at 1.) Prisoners do not have a "constitutionally protected liberty interest in an opportunity to earn good time credits." *Berry v. Eagleton*, No. 2:13-CV-2379-RMG, 2014 WL 4273314, at *1 (D.S.C. Aug. 29, 2014) (citing *Holmes v. Cooper,* 872 F.Supp. 298, 302 (W.D.Va.1995)); *see also Drakeford v. Thompson*, No. 2:09-CV-02239-RBH, 2010 WL 4884897, at *5 (D.S.C. Nov. 24, 2010); *Gaskins v. Johnson*, 443 F. Supp. 2d 800, 805 (E.D. Va. 2006). The Plaintiff's second argument that he was denied the opportunity to earn goodtime credits is without merit because he did not have a constitutionally protected liberty interest at stake.

---

[2] "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Jones v. Gross*, No. 16-6032, --- Fed.Appx. ----, 2017 WL 129026, at *2 (4th Cir. Jan. 13, 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).

**Conclusion**

Wherefore, in viewing the evidence in the light most favorable to the non-moving party, this court **RECOMMENDS** that the Defendants' Motion for Summary Judgment (Dkt. No. 76) be **GRANTED** and the Plaintiff's Motion for Summary Judgment (Dkt. No. 77) be **DENIED**.

IT IS SO RECOMMENDED.

May 11, 2017

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).