IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Andrew Plummer, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:15-cv-0016-TLW |
| | ) |
| Warden Tim Riley, IGC Ms. Powe, DHO, Glidewell | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Andrew Plummer, a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. ECF No. 1. On March 21, 2016, Defendants filed a motion for summary judgment, ECF No. 76, to which Plaintiff filed a response in opposition, ECF No. 88, and Defendants replied, ECF No. 89. Plaintiff filed a motion for summary judgment on March 21, 2016, ECF No. 77, to which Defendants responded, ECF No. 85, and Plaintiff replied, ECF No. 91. On January 17, 2017 United States Magistrate Judge Mary Gordon Baker issued a Report and Recommendation recommending denying Plaintiff's motion for summary judgment and granting Defendants' motion for summary judgment. ECF No. 92. Plaintiff filed Objections to the First Report on February 2, 2017, ECF No. 94, and Defendants filed a reply to Plaintiff's objections, ECF No. 96. This Court accepted the First Report in part and recommitted the issue of loss of good time credit. ECF No. 98. Plaintiff filed a Motion for Reconsideration to Vacate the Standing Order, ECF No. 105, and Defendants filed a response in opposition, ECF No. 108. Both parties also filed supplemental briefs on the issue of good time credit. ECF Nos. 107, 109.

1

Regarding the Plaintiff's request for reconsideration of the Court's Order filed on March 10, 2017, ECF No. 98, the Plaintiff fails to show any intervening change in controlling law, account for new evidence, or show clear error of law or manifest injustice. Although Plaintiff alleges that his § 1983 claims should have survived summary judgment, his argument is based on broad assertions and he does not present sufficient evidence of manifest injustice, extraordinary circumstances, or new evidence. After careful review of the applicable filings, the Plaintiff's motion for reconsideration or to vacate the March 10, 2017 Order, ECF No. 105, is **DENIED**.

Regarding the issue of good time credits, the Court has carefully reviewed the Second Report, filed on May 11, 2017, by the Magistrate Judge to whom this case is assigned pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e), (D.S.C.). ECF No. 110. In the Second Report, the Magistrate Judge addresses the issue of the loss of 60 days good time credit and recommends denying Plaintiff's motion for summary judgment and granting Defendants' motion for summary judgment. *Id.* Plaintiff filed objections to the Second Report on May 30, 2017. ECF No. 112. This matter is now ripe for disposition.

This Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court

is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the filings and the relevant law. While Plaintiff generally discussed the factors to assert constitutional violations, his asserted basis for relief does not state a violation of his constitutional rights. In Plaintiff's objections, he restates summarily that his good time credits have not been restored. However, Plaintiff does not include any additional evidence to support his contention. The Court also notes that the record reflects the sanctions relating to his disciplinary hearing have been overturned through the prison's internal grievance process. ECF Nos. 76-2 at 7-8 (Disc. Hearing Case #47 conviction of 832 (STG) has been overturned. 60 days LoGT to be reinstated."); 76-2 at 24; 76-3 at 1; 76-4; 107-1 at 5; 107-1 at 6 ("TOT GT LOST . . . : 00000"; "GT RESTORED . . . : 00000"). Additionally, Plaintiff has not submitted any evidence to dispute the Defendants' position, which is supported by affidavits, prison records, and public records, that 60 days of good time credits have not been deducted from Plaintiff for the January 23, 2013 incident.[1] This further supports the recommendation of the Magistrate Judge that Plaintiff's cause of action is not cognizable under 42 U.S.C. § 1983.

For these reasons and the reasons stated by the Magistrate Judge, the Second Report, ECF No. 110, is hereby **ACCEPTED** and the Plaintiff's Objections, ECF No. 112, are **OVERRULED**. Plaintiff's motion for summary judgment, ECF No. 77, is **DENIED**, Defendants' motion for summary judgment, ECF No. 76, is hereby **GRANTED** and this case is dismissed.

---

[1] The Court notes that the evidence Plaintiff offered as an attachment to the objections, ECF No. 112, has already been presented to the Court and addressed. *See* ECF No. 113.

3

**IT IS SO ORDERED**.

                                            *s/ Terry L. Wooten*
                                            Terry L. Wooten
                                            Chief United States District Judge

June 1, 2017
Columbia, South Carolina